Filed 12/21/22  P. v. McGilberry CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DONNELL MCGILBERRY,<br><br>        Defendant and Appellant. | A165894<br><br>(Alameda County Super.<br>Ct. No. 174406) |

Defendant Donnell McGilberry appeals from a judgment entered after he was resentenced on one count of attempted robbery after two previous appeals.  McGilberry's court-appointed counsel, L. Richard Braucher—an experienced appellate advocate—has asked this court to independently examine the record in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine if there are any arguable issues that require briefing.  McGilberry's counsel informed him of his right to file a supplemental brief, and he did not do so.  We have independently reviewed the record in accordance with our *Wende* obligations and find no arguable issues.

### BACKGROUND

"On July 23, 2014, McGilberry was charged by information with: (1) the April 26, 2012 murder of Coty Luster (Pen. Code, § 187, subd. (a))[1]; (2) the

---

[1] Further undesignated statutory references are to the Penal Code.

1

December 30, 2012 attempted second degree robbery of Steven Thong (§ 211); and (3) carrying a loaded firearm on the person in an incorporated city in connection with the attempted robbery (§ 25850). The information also alleged that McGilberry personally and intentionally discharged a firearm (§ 12022.53, subds. (b) & (c)) causing great bodily injury or death (§ 12022.53, subd. (d)) in connection with count one, that he personally used a firearm in connection with count two (§§ 12022.5, subd. (a) & 12022.53, subd. (b)), and that the firearm was stolen and not registered to McGilberry in connection with count three (§ 25850, subds. (c)(2) & (c)(6))." (*People v. McGilberry* (Jul. 24, 2018, A147924) [nonpub. opn.], pp. 3–4 (*McGilberry I*).)

"A jury "found McGilberry guilty of second degree murder, attempted robbery, and carrying a loaded firearm. The jury found all of the firearm allegations true, with the exception of the allegation that McGilberry knew or had reasonable cause to believe the firearm was stolen in connection with count three. . . .

"McGilberry was sentenced to 15 years to life on the murder charge plus 25 years to life for the firearm enhancement, for a total term of 40 years to life on count one; 3 years for the attempted robbery plus 10 years for use of a firearm on count two to run consecutive to count one; and 4 consecutive months on count three, for a total sentence of an indeterminate term of 40 years to life plus a consecutive determinate term of 13 years, 4 months." (*McGilberry I*, *supra*, A147924, pp. 4–5.)

McGilberry appealed, and "[o]n July 24, 2018, we affirmed McGilberry's convictions but remanded the matter to the trial court to exercise its discretion under the then-recent amendments to section 12022.53, subdivision (h) enacted by Senate Bill No. 620 (Stats. 2017, ch. 682, § 2, eff. Jan. 1, 2018), which granted sentencing courts the discretion to strike or

2

dismiss certain firearm enhancements." (*People v. McGilberry* (Mar. 16, 2022, A163578) [nonpub. opn.], p. 3 (*McGilberry II*); see *McGilberry I*, *supra*, A147924, pp. 14–15.)

"On September 9, 2021, the trial court resentenced McGilberry on both firearm enhancements. On the enhancement with respect to count 1, it substituted the personal and intentional discharge of a firearm (§ 12022.53, subd. (c)) and imposed a sentence of 20 years. On the enhancement with respect to count 2, the trial court substituted the personal use of a firearm (§ 12022.5) and imposed a term of four years. Thus, McGilberry's new sentence was . . . 35 years to life on count 1 (15 years to life plus the 20-year firearm enhancement), seven years on count 2 (the upper term of three years plus the four-year firearm enhancement), and the original four months on count 3." (*McGilberry II*, *supra*, A163578, pp. 3–4.)

McGilberry again appealed.

On March 16, 2022, we concluded that McGilberry was entitled to resentencing on the attempted robbery count under two pieces of legislation that became effective while his second appeal was pending: Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3), which created a presumption that the trial court will impose the middle term unless aggravating factors are found true by the jury, and Assembly Bill No. 124 (Stats. 2021, ch. 695, § 5), which created a presumption that the lower term will be imposed where the defendant is under the age of 26 at the time of the offense.[2] (See *McGilberry II*, *supra*, A163578, pp. 5–8.) Accordingly, we vacated the sentence on the attempted robbery count and remanded the matter "to resentence McGilberry on count 2 under the current version of section 1170, subdivision (b) as

_____

[2] McGilberry was 19 years old at the time of the offense. (*People v. McGilberry*, *supra*, A163578, p. 7.)

amended by Senate Bill No. 567 and Assembly Bill No. 124." (*McGilberry II*, *supra*, A163578, p. 8.)

On July 15, 2022, McGilberry was resentenced. The trial court indicated that it had met with counsel in chambers, and neither party had any objection to imposing the low term on both the attempted robbery count and the associated firearm enhancement.

Defense counsel asked the court, "based on the information I have previously submitted," to consider running the sentence on count 2 concurrently to the sentence on count 1. The prosecutor suggested that imposing a concurrent sentence would be outside the scope of the remittitur, which dealt only with whether to impose the lower, middle, or upper term on count 2. The trial court indicated that if defense counsel wanted the court to consider a concurrent sentence, it would require briefing on the issue and would need to choose another date for sentencing. Defense counsel then withdrew the request, and McGilberry indicated that he consented to doing so.

The trial court resentenced McGilberry to the agreed-upon low term of 1 year, 4 months on the attempted robbery count and a consecutive low term of 3 years for the enhancement for personal use of a firearm in connection with that count, producing a new determinate sentence on count 2 of 4 years, 4 months.

McGilberry filed a notice of appeal.

## DISCUSSION

We have reviewed the record on appeal for any arguable issues.

Our review of the record shows that the sentence imposed is authorized by law, and McGilberry was represented by competent counsel who acted to protect his rights and interests.

4

We conclude there are no arguable issues within the meaning of *People v. Wende, supra*, 25 Cal.3d 436.

## DISPOSITION

The judgment is affirmed.

_____
Richman, Acting P.J.

We concur:

_____
Miller, J.

_____
Van Aken, J. *

*People v. McGilberry* (A165894)

     *Judge of the San Francisco Superior Court, Judge Christine Van Aken, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.